# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) Case No.: 5:20-CR-00291-LSC-SGC |
| JENNIFER MURPHY, | ) |
| | ) |
| Defendant. | ) |

## JENNIFER MURPHY'S OBJECTIONS TO THE PRESETENCE REPORT

COMES NOW the Defendant, JENNIFER MURPHY, by and through her undersigned counsel, and respectfully presents these objections to the Presentence Investigation Report (PSR).

## FACTUAL ADDITIONS OR MODIFICATIONS

Mrs. Murphy understands that the facts contained in the PSR, specifically the facts as asserted in "The Offense Conduct" section (paragraphs 22 through 66), were presented to the jury that convicted her on all counts in the Superseding Indictment. However, she maintains her innocence, and as presented in her defense at trial, disagrees with the vast majority of the PSR's factual statements. Instead of objecting to each individual fact as outlined in the PSR, Mrs. Murphy would simply request that it is noted that she disagrees with the facts to the extent they apply to her.

1

## OBJECTIONS

*Paragraph 67*. Mrs. Murphy objects to this paragraph because she had no knowledge of the allegations regarding Bowman and Rollins' obstructive conduct until after she was indicted in this matter, nor was she involved in the conduct described in this paragraph.

*Paragraph 68*. Mrs. Murphy objects to this paragraph as being classified as "obstructive conduct." Mr. Hankins testified that he was never forced to donate to the Crystal Murphy Enrichment Organization ("CMEO"), nor was he ever told by Jennifer Murphy that he would no longer be able to do business with the clinics if he did not donate. (Trial Tr. Vol. II, 102:5-11; 106:3-5). Mrs. Murphy addresses the obstruction enhancement in detail in her objection to paragraph 71 below.

*Paragraph 69*. Mrs. Murphy notes that the correct total amount paid to BCBS, Medicare, Tricare, and Prime is $52,728,073.84.

*Paragraph 70*. Mrs. Murphy objects to this paragraph to the extent it includes any claimed losses of Blue Cross Blue Shield of Tennessee ("BCBSTN"). The Superseding Indictment does not allege any facts to indicate BCBSTN relates to the charged conduct (Doc. 84, Superseding Indictment repeatedly referring to BCBS of *Alabama*), and there were no exhibits admitted at trial that dealt with BCBSTN. (*See* Doc. 153, list of exhibits admitted by the government at trial).

*Paragraph 71*. Mrs. Murphy objects to this paragraph and asserts that she did not obstruct justice because she neither (1) unlawfully influenced or attempted to influence a coconspirator, nor did she (2) attempt to suborn perjury. § 3C1.1 Application Note 4(A) and (B). As noted above, Mr. Hankins testified at trial that he was not required to donate to CMEO. (Trial Tr. Vol. II, 102:5-11).

Section 3C1.1 Application Note 4(A) provides that "threatening, intimidating, or otherwise unlawfully influencing a co-defendant, witness, or juror, directly or indirectly, or attempting to do so" can constitute conduct that warrants an obstruction enhancement. In this case, there is nothing unlawful about requesting someone sign a letter that describes a person's opinions or impressions. (Trial Tr. Vol. II, 67:15-25—68:1-11). Mr. Hankins was free not to sign if he disagreed. In fact, he testified that is exactly what happened. (Trial Tr. Vol. II, 68:12-14). Mr. Hankins' testimony did not include claims that Mrs. Murphy threatened or intimidated him if he elected not to draft a letter similar to the one she forwarded to him.

Additionally, the request to sign this letter was in no way an attempt "to suborn perjury." § 3C1.1 Application Note 4(B). "Perjury, for purposes of applying [§ 3C1.1], has been defined by the United States Supreme Court as 'false testimony concerning a material matter with the willful intent to provide false testimony. . . .'" *United States v. Ram Kumar Singh*, 291 F.3d 756, 763 (11th Cir. 2002) (quoting *United States v. Dunnigan*, 507 U.S. 87, 94 (1993)). The request to Mr. Hankins was

not made under oath, was not notarized, was not an affidavit, and did not include any other affirmation. *See Ram Kumar Singh*, 291 F.3d at 763 n.4 (listing out the four elements that must be proven to show perjury, the first of which requires that "the testimony must be under oath or affirmation").

Based on these arguments, the two-level enhancement applied in paragraph 88 is not appropriate.

*Paragraph 75*. Mrs. Murphy adopts and incorporates the objections made by Dr. Murphy in his objections to his PSR as they relate to the base offense level/drug weight calculation.

Mrs. Murphy agrees with Dr. Murphy that the legal standard applied at trial is incorrect in light of *Ruan v. United States*, No. 20-1410, 2022 WL 2295042, at *10 (U.S. June 27, 2022), and that the government did not present evidence that each and every one of Dr. Murphy's prescriptions written for patient M.A. was improper. Thus, the drug weight calculation is contested.

*Paragraph 76*. Mrs. Murphy objects to this enhancement because nothing indicates that the patients in this case were unusually vulnerable victims. Besides simply using the term, this paragraph does not specify how or why any particular person was unusually vulnerable. As such, Mrs. Murphy is not in a position, currently, to address the particularities because none have been stated. The only specific "vulnerability" alleged is that some patients were dependent on controlled

substances. However, simply being patients of a pain management clinic does not qualify a group of individuals as "unusually vulnerable" victims justifying application for a § 2D1.1(b)(16)(B) enhancement. *See United States v. Hudson*, 822 F. App'x 888, 890 (11th Cir. 2020) ("Ultimately, a victim's membership in a class or certain occupation is, by itself, insufficient to support a finding that the victim is 'vulnerable.'").

*Paragraph 78*. In paragraph 87, a four-level enhancement is applied under § 3B1.1(a) for her role as "an organizer or leader of a criminal activity that involved five or more participants. . . ." Applying enhancements under both paragraphs 78 and 87 would constitute impermissible double counting. *See United States v. Perez*, 366 F.3d 1178, 1183 n.6 (11th Cir. 2004) ("Impermissible double counting occurs . . . when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines." (quoting *United States v. Rodriguez-Matos*, 188 F.3d 1300, 1309 (11th Cir. 1999))). Mrs. Murphy adopts the arguments presented in her objection to paragraph 87 to support her claim that an enhancement applied in both paragraphs 78 and 87 is impermissible.

*Paragraph 84*. Mrs. Murphy objects to the loss amount calculation because the loss amount relied upon improperly includes the total amount billed to Blue Cross Blue Shield ("BCBS"), which is not a "government health care program." (*See*

Doc. 84 at 5 ("Blue Cross Blue Shield of Alabama ("BCBSAL") was a private health insurance company that provided medical and prescription drug insurance coverage in Alabama and elsewhere.")). Using the figures listed in paragraph 69, if the amount billed to BCBS is removed from this calculation, the total amount would be under $250 million, and the resulting offense level would be reduced by two, from 28 to 26.

Additionally, Mrs. Murphy objects to the final sentence of this paragraph to the extent it states that the application of the actual loss amount level would not affect the overall guideline range. This may not be accurate if Mrs. Murphy prevails on her objections to the enhancements applied in Group One.

*Paragraph 87*. Mrs. Murphy objects to this four-level enhancement because it results in impermissible double counting. A two-level enhancement has already been applied under § 3B1.1(c) as to Group One as a manager or supervisor, and application here of § 3B1.1(a) as an organizer or leader for the Group Two offenses concerns, overall, the same conduct. *See Perez*, 366 F.3d at 1183 n.6 ("Impermissible double counting occurs . . . when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines." (quoting *Rodriguez-Matos*, 188 F.3d at 1309)).

Although the Group Two includes other conspiracy and substantive convictions, the overall conduct of Mrs. Murphy in her role as the office manager applies to both the conspiracy conviction of Group One and the conspiracy convictions of Group Two, and she should not be punished for the same conduct that has already been addressed elsewhere in the guideline calculation.

For these reasons, this enhancement should not be applied.

*Paragraph 88.* For reasons articulated to her objections to paragraphs 68 and 71 above, Mrs. Murphy objects to this enhancement.

*Paragraphs 80, 89, 96, and 125.* Mrs. Murphy objects to this calculation of her total offense level, and its resulting range, based on the objections made herein.

*Paragraph 111.* Mrs. Murphy notes that in addition to the conditions listed in this paragraph, she suffers from degenerative joint disease in both hips, failed stem cell therapy in both knees, and hypertension.

*Paragraph 142.* Mrs. Murphy contends that the 18 USC § 3553(a) factors warrant a variance, and her argument for a variance will be presented in her sentencing memorandum.

Respectfully submitted,

**/s/ Clayton R. Tartt**
Clayton R. Tartt (asb-9981-c57t)
**/s/ Suzanne R. Norman**
Suzanne R. Norman (asb-1703-m06o)
**BOLES HOLMES WHITE LLC**
1929 Third Avenue North, Suite 500
Birmingham, AL 35203
Telephone: 205-502-2000
Facsimile: 205-847-1285
Email: ctartt@bhw.law
snorman@bhw.law

**CERTIFICATE OF SERVICE**

I hereby certify that on July 1, 2022, I electronically filed the foregoing with the Clerk of Court via the CM/ECF system, which will cause copies to be electronically served upon all counsel of record.

**/s/ Clayton R. Tartt**
*Counsel for Defendant Jennifer Murphy*
