Case 5:20-cr-00291-LSC-SGC   Document 230   Filed 03/07/23   Page 1 of 6

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 1 - Judgment in a Criminal Case

FILED
2023 Mar-07 PM 03:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## Northern District of Alabama

UNITED STATES OF AMERICA

    v.                                               Case Number 5:20-CR-291-LSC-SGC-002

JENNIFER MURPHY
    Defendant.

## JUDGMENT IN A CRIMINAL CASE
**(For Offenses Committed On or After November 1, 1987)**

The defendant, JENNIFER MURPHY, was represented by Clayton Tartt and Suzanne Norman.

The defendant was found guilty on counts 1ss, 5ss, 6ss, 7ss, 8ss, 9ss, 10ss, 11ss, 22ss, 23ss, 24ss, and 25ss after a plea of not guilty. Accordingly, the defendant is adjudged guilty of the following counts, involving the indicated offenses:

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 21 U.S.C. § 846 | CONSPIRACY TO DISTRIBUTE CONTROLLED SUBSTANCE mixture containing Fentanyl, Oxycodone, Hydrocodone, Alprazolam, Clonazepam and Carisoprodol | 1ss |
| 18 U.S.C. § 1349 | ATTEMPT AND CONSPIRACY TO COMMIT MAIL FRAUD | 5ss |
| 18 U.S.C. §§ 1347 & 2 | HEALTH CARE FRAUD | 6ss-10ss |
| 18 U.S.C. § 371 | CONSPIRACY TO DEFRAUD THE UNITED STATES | 11ss |
| 42 U.S.C. § 1320a-7b(b)(l) and 18 U.S.C. § 2 | ACTS INVOLVING FEDERAL HEALTH CARE PROGRAMS - ILLEGAL RENUMERATIONS | 22ss |
| 26 U.S.C. § 7206(1) & 18 U.S.C. § 2 | FRAUD AND FALSE STATEMENTS | 23ss-25ss |

As pronounced on March 6, 2023, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $1,200.00, for counts 1ss, 5ss, 6ss, 7ss, 8ss, 9ss, 10ss, 11ss, 22ss, 23ss, 24ss, and 25ss, which shall be due immediately.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Done this 7th day of March, 2023.

L. Scott Coogler
United States District Judge
202713

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 2 - Imprisonment

Judgment--Page 2 of 6

Defendant:  JENNIFER MURPHY
Case Number:  5:20-CR-291-LSC-SGC-002

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **TWO HUNDRED FORTY (240)** months as to Count 1ss, concurrent with all other Counts. **ONE HUNDRED TWENTY (120)** months as to Counts 5ss and 6ss, separately and to be served consecutively to each other. **ONE HUNDRED TWENTY (120)** months as to Counts 7ss, 8ss, 9ss, 10ss, and 22ss, separately and to be served concurrently with each other and Count 5ss. **SIXTY (60)** months as to Count 11ss, to be served concurrently with Count 5ss. **THIRTY-SIX (36)** months as to Counts 23ss, 24ss, and 25ss, separately and to be served concurrently with each other and Count 5ss for a **TOTAL TERM** of **TWO HUNDRED FORTY (240)** months.

The Court makes the following recommendations to the Bureau of Prisons: That the defendant be housed in a facility close to Lewisburg, TN.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

Defendant delivered on _____ to _____ at _____ _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

Case 5:20-cr-00291-LSC-SGC   Document 230   Filed 03/07/23   Page 3 of 6

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 3 - Supervised Release

Judgment--Page 3 of 6

Defendant:  JENNIFER MURPHY
Case Number:  5:20-CR-291-LSC-SGC-002

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 120 months as to Counts 1ss, 36 months as to Counts 5ss-11ss and 22ss, and 12 months as to Counts 23ss-25ss.  The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

### STANDARD CONDITIONS OF SUPERVISED RELEASE

While the defendant is on supervised release pursuant to this Judgment:
1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you were sentenced (if placed on probation) or released from custody (if supervised release is ordered), unless the probation officer instructs you to report to a different probation office or within a different time frame.
2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when to report to the probation officer, and you must report to the probation officer as instructed.
3) You must not commit another federal, state, or local crime.
4) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified, for the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers). Revocation of supervision is mandatory for possession of a firearm.
5) You must not unlawfully possess a controlled substance.
6) You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. You must contribute to the cost of drug testing unless the probation officer determines you do not have the ability to do so. Based upon a court order entered during the period of supervision for good cause shown or resulting from a positive drug test or evidence of excessive use of alcohol, you shall be placed in the Substance Abuse Intervention Program (SAIP) (or comparable program in another district).
7) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
8) You must follow the instructions of the probation officer related to the conditions of supervision.
9) You must answer truthfully the questions asked by the probation officer.
10) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change.  If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change. (If you have been convicted of a crime of violence or a drug trafficking offense, the probation office is responsible for complying with the notice provisions of 18 U.S.C. § 4042(b) and (c) if you change your residence.)
11) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
12) You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so.  If you do not have full-time employment, you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as the position or the job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
13) You must not communicate or interact with someone you know is engaged in criminal activity.  If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
14) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
15) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
16) If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk, and you must comply with that instruction.  The probation officer may contact the person and confirm that you have notified the person about the risk.
17) You must fully and truthfully disclose financial information as requested by the probation officer related to the conditions of supervision. Financial information may include, but is not limited to, authorization for release of credit information, bank records, income tax returns, documentation of income and expenses, and other financial information regarding personal or business assets, debts, obligations, and/or agreements in which the defendant has a business involvement or financial interest.
18) You must support all dependents.

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 3 - Continuation of Standard Conditions of Supervised Release

Judgment--Page 4 of 6

Defendant:  JENNIFER MURPHY
Case Number:  5:20-CR-291-LSC-SGC-002

## CONTINUATION OF STANDARD CONDITIONS OF SUPERVISED RELEASE

19) You must comply with the probation office's Policies and Procedures Concerning Court-Ordered Financial Obligations to satisfy the balance of any monetary obligation resulting from the sentence imposed in the case.  Further, you must notify the probation officer of any change in your economic circumstances that might affect your ability to pay a fine, restitution, or assessment fee.  If you become more than 60 days delinquent in payments of financial obligations, you may be: (a) required to attend a financial education or employment preparation program under the administrative supervision of the probation officer; (b) placed on home detention subject to location monitoring for a maximum period of 90 days under the administrative supervision of the probation officer (and you must pay the cost of monitoring unless the probation officer determines you do not have the ability to do so); and/or (c) placed in a community corrections center for up to 180 days under the administrative supervision of the probation officer (and you must pay the cost of subsistence unless the probation officer determines you do not have the ability to do so).

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 3 (cont'd) - Supervised Release

Judgment--Page 5 of 6

Defendant:  JENNIFER MURPHY
Case Number:  5:20-CR-291-LSC-SGC-002

**SPECIAL CONDITIONS OF SUPERVISION**

While the defendant is on supervised release pursuant to this Judgment:

1) You must cooperate in the collection of DNA under the administrative supervision of the probation officer.
2) The requirement that you submit to mandatory drug testing is suspended based upon the court's determination that you pose a low risk of future substance abuse.
3) You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664.
4) You must not incur any new debts (other than normal debts for existing utilities, rental expenses, or mortgage payments), increase existing credit lines, or open any new lines of credit without the permission approval of the probation officer unless and until all court-ordered financial obligations have been paid in full.  New debt includes contracts which obligate payments, credit agreements, and loans, including those with friends and family members.
5) You must maintain a single checking and/or savings account in your own legal name.  You must deposit all personal income and monetary gains into the account(s) and must pay all personal expenses from this account.
6) Restitution to IRS in the amount of $377,132.00

Case 5:20-cr-00291-LSC-SGC   Document 230   Filed 03/07/23   Page 6 of 6

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 6 - Restitution and Forfeiture

Judgment--Page 6 of 6

Defendant:  JENNIFER MURPHY
Case Number:  5:20-CR-291-LSC-SGC-002

## RESTITUTION AND FORFEITURE

### RESTITUTION

The Court orders restitution in the amounts of **$52,728,073.84** and **$377,132.00** as set out in the order entered contemporaneously in this case.